```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          OCALA DIVISION
```

CELESTER R. GOODWIN,

               Petitioner,

vs.                             Case No.  5:12-cv-391-Oc-29PRL

SEC'Y, FLA. DEP'T OF CORECTIONS,

               Respondent.
_____

**OPINION AND ORDER**

**I.**

Petitioner Celester R. Goodwin initiated this action by filing a *pro se* Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on July 13, 2012.  The Petition challenges Petitioner's 2011 judgment of conviction for the offenses of sale or delivery of cocaine and possession of cocaine.  Petition at 1.  On March 4, 2013, Respondent filed a Response (Doc. #7, Response) moving to dismiss the action with prejudice.  Petitioner elected not to file a Reply, despite the Court ordering a reply.  See November 29, 2012 Order (Doc. #6), ¶6.  The Court deems this matter ripe for review without the benefit of a reply from Petitioner.

**II.**

The Petition raises one claim for relief: that Petitioner was convicted of an unconstitutional statute as set forth in Shelton v. Sec'y Dep't of Corr., 802 F. Supp. 2d 1289 (M.D. Fla. 2011).  Petition at 3-5.  Respondent moves to dismiss the action and submits that on

August 24, 2012, the Eleventh Circuit Court of Appeals reversed the district court's Shelton opinion.  Response at 2.

The Court finds this action subject to dismissal with prejudice. In Shelton v. Sec'y Dep't of Corr., 691 F.3d 1348 (11th Cir. 2012), the Eleventh Circuit Court of Appeals upheld the constitutionality of Fla. Stat. § 893.13, and reversed the case upon which Petitioner relies in support of his claim.  Based on binding precedent, Petitioner's claim for relief lacks merit.

THEREFORE, it is now

**ORDERED:**

1.  The Petition for Writ of Habeas Corpus (Doc. #1) is **dismissed** with prejudice.

2.  The Clerk of the Court shall enter judgment accordingly; terminate any pending motions and deadlines; and close this file.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this   23rd   day of April, 2013.

_____
JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record